**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ABDULAHAD T. KATTULA,

          Plaintiff,

v.

K. JIN LIM, KENNETH SCHNEIDER and
SCHNEIDER, MILLER & LIM, P.C.

          Defendants.
                                  /

Case No. 07-CV-10157-DT
Bankr. Case No. 97-51164-TJT
                  96-55212-TJT
Advs. Pro. No. 04-4981

**OPINION AND ORDER DENYING DEFENDANTS'**
**"MOTION TO REQUIRE COST BOND ON APPEAL"**

Pending before the court is Defendant K. Jin Lim, Kenneth Schneider and Schneider, Miller & Lim, P.C.'s "Motion to Require Cost Bond on Appeal," filed on August 22, 2007. The motion has been briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Defendants' motion.

**I. BACKGROUND**

On June 29, 2004, Plaintiff Abdulahad Kattula, in his capacity as the assignee of his 1997 bankruptcy estate, filed suit against Defendants alleging legal malpractice and breach of fiduciary duty. (*See generally* Pl.'s Compl.) Plaintiff's claims involve a history of bankruptcy petitions. Plaintiff has filed three Chapter 7 bankruptcy petitions in this district: in 1990, 1996 and 1997. Defendant Lim was appointed trustee of the 1996 and 1997 estates and retained Defendant Schneider as attorney for the trustee. (Defs.' Mot. for S.J. at 1.)

Plaintiff claims that attorney Stuart Gold filed Plaintiff's 1996 bankruptcy petition prematurely and thus rendered Plaintiff unable to discharge a $1.1 million consent judgment against Plaintiff and in favor of Michael Stern, Plaintiff's former business partner. (Pl.'s Compl. at 3.) After Plaintiff was unable to discharge the judgment against him, he entered into a settlement agreement with Stern whereby Plaintiff's relatives agreed to convey to Stern their 51% interest in a company known as Transworld Printing, and Plaintiff promised to pay back his family for the lost value of Transworld. (*See generally* Pl.'s Resp. to Defs.' Mot. for S.J.) Plaintiff claims that this obligation was incurred as a direct result of Gold's premature filing, the obligation is property of the estate and he is entitled to recover damages incurred as a result of the obligation. (*Id.*)

On June 29, 2004, Plaintiff filed suit against Defendants, alleging legal malpractice and breach of fiduciary duty. (*See generally* Pl.'s Compl.) Plaintiff maintained that, *inter alia*, Defendants' failure to pursue and preserve the estate's malpractice claim against Gold constituted malpractice and a breach of fiduciary duty. (*Id.*) The Eastern District of Michigan Bankruptcy Court dismissed Plaintiff's malpractice claim on September 6, 2005. (9/6/05 Order, Defs.' Mot. for S.J. Ex. B.)

On April 11, 2007, Defendants filed a motion for summary judgment arguing, *inter alia*, that Plaintiff is precluded from obtaining damages relevant to the Transworld settlement because Transworld was not an asset of either the 1996 or 1997 bankruptcy estate. (Defs.' Mot. for S.J. at 17-20.) In his response, Plaintiff countered that his claim was not based upon having an ownership interest in Transworld at the time of the bankruptcy filings, but rather, his claim was that Gold's premature filing directly caused

Plaintiff to obligate himself to pay back his family for their relinquishment of their shares in Transworld, and that obligation should be considered a part of the estate. (*See generally* Pl.'s Resp. to Defs.' Mot. for S.J.) In their reply brief, Defendants argued that, because Plaintiff assumed the obligation *after* his bankruptcy petition was filed, the obligation is not a part of the bankruptcy estate and Plaintiff cannot recover damages related to that obligation. (Defs.' Reply at 2.) On June 22, 2007, the court entered an order granting Defendants' motion for summary judgment. (6/22/07 Order.) The court concluded that, because Plaintiff assumed the obligation *after* the commencement of the proceeding, Plaintiff's promise to repay his family for the loss of Transworld was not a part of the estate. (*Id.* at 11.)

On July 11, 2007, Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit. (7/11/07 Notice of Appeal.) On August 22, 2007, Defendants filed a "Motion to Require Cost Bond on Appeal," arguing that Plaintiff's appeal is frivolous and this court should require Plaintiff to post a bond in the amount of $15,000 in order to cover the costs of an appeal. (*See generally* Defs.' Mot.) Plaintiff attaches to his response his brief on appeal and maintains that a bond is not warranted because his appeal is not frivolous. (*See generally* Pl.'s Resp.)

## II. STANDARD

Federal Rule of Appellate Procedure 7 provides in relevant part:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

Fed. R. App. P. 7. "Costs," as contemplated by Rule 7 include anticipated appellate attorneys' fees when such are properly awardable under the relevant substantive

3

statute or other authority. *In re Cardizem CD Antitrust Litig.,* 391 F.3d 812, 817-18 (6th Cir. 2004). Further, Federal Rule of Appellate Procedure 38 provides:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. App. P. 38. However, presenting nonmeritorious arguments on appeal does not necessarily constitute bringing a frivolous appeal, since a frivolous appeal is something more than an unsuccessful appeal. *McKnight v. Gen. Motors Corp.*, 511 U.S. 659, 660 (1994). Where the result is not obvious, and the appellant's arguments on appeal are at least plausible, an appeal is not frivolous. *Id.*

### III. DISCUSSION

Defendants' entitlement to a cost bond hinges upon whether Plaintiff's appeal is frivolous. In this court's opinion and order granting Defendants' motion for summary judgment, the court noted the general proposition that an obligation to repay a debt is suffered by the estate only if it is suffered by the debtor at the commencement of the bankruptcy proceeding. (6/22/07 Order at 11.) The court then determined that "Plaintiff's promise to repay his family for the loss of Transworld, therefore, is not part of the estate because he assumed the obligation after the commencement of the proceeding." (*Id.*) On appeal, Plaintiff argues that (1) because his post-petition obligation to repay his family was "sufficiently rooted" in pre-petition conduct, i.e., the obligation is a direct result of Gold's premature filing, the district court erred in excluding damages relating to Transworld from property of the estate, (2) the district court erred in holding that Transworld was not an asset of the bankruptcy estate and (3) the district

4

court erred in failing to consider disgorgement damages, to which Plaintiff is entitled. (Pl.'s Appeal Br. at 13-22, Pl.'s Resp. Ex. A.)

Assuming that Plaintiff has properly preserved the aforementioned arguments in the trial court and may raise them on appeal,[1] the court is not persuaded that all of Plaintiff's claims are frivolous, such that a cost bond is warranted. With respect to Plaintiff's first argument, Plaintiff succeeds in making a colorable claim that, because his obligation to pay back his family was "sufficiently rooted" in pre-petition conduct, it should be considered part of the bankruptcy estate. The crux of Plaintiff's argument is that the predicates for the damages suffered occurred at the time of the premature filing, and because the damages suffered are sufficiently rooted in the pre-petition past, they are to be included in his bankruptcy estate. (*Id.* at 13-19.) Plaintiff maintains that his cause of action for legal malpractice based on Gold's premature bankruptcy filing arose pre-petition, even though the full extent of Plaintiff's damages was not known until later. (*Id.* at 12.) Plaintiff avers that, because of Gold's premature filing, the Stern debt was not discharged and "Stern was able to force the settlement whereby [Plaintiff's] family was ousted from its ownership position in Transworld," thereby prompting Plaintiff to obligate "himself to repay his family the value of what it lost." (*Id.* at 10.) Plaintiff cites case law for the proposition that a post-petition obligation is part of the bankruptcy

---

[1] An argument not raised in the trial court is not preserved and cannot be raised on appeal. *U.S. v. Blair*, 214 F.3d 690, 697 (6th Cir. 2000). Although this court is not making a determination regarding whether Plaintiff's arguments were preserved, in the event that they were not and the appellate court decides not to exercise its discretion to hear them, Plaintiff's appeal would appear frivolous. Because that determination is best left to the appellate court, this court will refrain from engaging in the preservation analysis.

estate if it is sufficiently rooted in pre-petition conduct. (*Id.* at 13-19.) Although the court is not offering an opinion with respect to whether Plaintiff's appeal will ultimately prove meritorious, the court finds that Plaintiff's claim is, at a minimum, not frivolous. On its face, Plaintiff's argument appears plausible, and Plaintiff cites to various cases that flesh out the "sufficiently rooted" terminology in such a way as to lend credence to his claim. (*Id.*) Accordingly, a cost bond is not warranted under these facts.[2]

## IV. CONCLUSION

IT IS ORDERED that Defendants' "Motion to Require Cost Bond on Appeal," [Dkt. # 29] is DENIED.

                          s/Robert H. Leland
                          ROBERT H. LELAND
                          UNITED STATES DISTRICT JUDGE

Dated: October 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 12, 2007, by electronic and/or ordinary mail.

                          s/Lisa Wagner
                          Case Manager and Deputy Clerk
                          (313) 234-5522

---

[2] Given the court's determination that a bond is not warranted because Plaintiff's first argument is not frivolous, the court need not address the potential frivolity of Plaintiff's remaining two arguments.

10/12/07:S:\Cleland\JUDGE'S DESK\C3 ORDERS\07-10157.Kattula.OrderDenyingCostBond.wpd